UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 1:05-CR-362-01-JOF

**JASON PRICE**

Defendant's Attorney:
Mildred Geckler Dunn

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant plead guilty to Count(s) One and Two of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:471 | Manufacturing Counterfeit Currency | 1 |
| 18:472 | Uttering Counterfeit Currency | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

| | | |
|---|---|---|
| Defendant's Soc. Sec. No. | 6749 | Date of Imposition of Sentence: |
| Defendant's Date of Birth: | 1978 | February 1, 1006 |
| Defendant's Mailing Address: | | |
| Atlanta, GA | | |

Signed this the 3rd day of February, 2006.

J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

1:05-CR-362-01-JOF : JASON PRICE

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Thirty (30) Months on count One and count Two, to run concurrent to each other**.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:05-CR-362-01-JOF : JASON PRICE

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) Years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). The defendant shall comply with the following additional conditions:

The defendant shall not own, possess or have under his control any firearm, dangerous weapon or other destructive device.

The defendant shall participate in mental health counseling and treatment as directed by the U.S. Probation Officer.

The defendant shall refrain from any unlawful use of a controlled substance, and, shall submit to one urine screening within 15 days of placement on supervised release and at least four periodic urine screening per month thereafter as directed by the Probation Officer.

If there is an indication of drug abuse, the defendant shall participate as directed in a treatment program under guidance and supervision of the United States Probation Officer for drug or alcohol dependency which may include testing for the detection of substance use or abuse.

The defendant shall submit to a search of his person, property (real, personal, or rental), residence, office and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to this condition.

1:05-CR-362-01-JOF : JASON PRICE

# STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:05-CR-362-01-JOF : JASON PRICE

# RESTITUTION

The defendant shall make restitution to the following person(s) in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Target<br>Attn: Ernesto Lockhart, Loss Prevention<br>2950 Chapel Hill Road<br>Douglasville, GA 30135 | $75.75 |
| Ross<br>Attn: Donald Evans, Loss Prevention<br>2870 Chapel Hill Road<br>Douglasville, GA 30135 | $86.10 |
| Eckerd Drugs<br>Attn: Store Manager<br>2981 Chapel Hill Road<br>Doyglasville, GA 30135 | $58.08 |
| Pier 1 Imports<br>Attn: Jasmine Bragg<br>2850 Chapel Hill Road<br>Douglasville, GA 30135 | $85.02 |
| Goody's<br>Attn: J.J. Walker, Loss Prevention<br>2880 Chapel Hill Road<br>Douglasville, GA 30135 | $100.00 |
| Petsmart<br>Attn: Fred Kramer, Loss Prevention<br>2940 Chapel Hill Road<br>Douglasville, GA 30135 | $100.00 |
| Bombay Trading Comapny<br>Attn: Chole Boltonm, Assistant Manager<br>2880 Chapel Hill Road<br>Douglasville, GA 30135 | $84.00 |
| Marshall's<br>Attn: Paul Martson, Loss Prevention<br>2890 Chapel Hill Road | $70.00 |

Douglasville, GA 30135

1:05-CR-362-01-JOF : JASON PRICE

| | |
|---|---|
| Party City of Atlanta, Inc. | $79.70 |
| Attn: Bob Brassell, Store Manager | |
| 2910 Chapel Hill Road | |
| Douglasville, GA 30135 | |
| **TOTAL RESTITUTION** | **$738.65** |

Payment divided in proportion to the balance due for each victim.

Restitution payments are not to be payed by the defendant until after he has been released from the custody of the Bureau of Prisons and is on supervised release.